■    In the Matter of Arbitration between LEON KAPLAN, Appellant, and CONTINENTAL TIME CORPORATION, Respondent.— Order, Supreme Court, New York County, entered August 8, 1973, unanimously reversed, on the law, on the facts and in the interest of justice, without costs and without disbursements, the award of the arbitrator vacated and a new arbitration directed. The parties entered into a written agreement whereby, beginning February 14, 1972, respondent hired petitioner for a period of three years. The hiring was terminable by respondent on any October 1 upon written notice and the payment of six months' wages at the contract rate. Respondent was also entitled to terminate the agreement on 10 days' written notice at any time if petitioner failed to devote his best efforts to the corporate business, and termination by this method would be without any severance payment. Whether or not petitioner failed to devote his best efforts would be decided by arbitration. The contract in addition provided that all disputes in connection with the employment should be decided by arbitration. On August 25, 1972, respondent served a notice of termination, specifying seven instances in which it was alleged petitioner had failed to devote his best efforts to the corporate business. Petitioner denied that he had so failed, and the parties agreed to arbitration. The submission to the arbitrator recites in material part: " (c) To submit the controversy with regard to the Agreement ". The arbitrator found that the discharge was without cause. He also found that there was three weeks' salary due the petitioner. As to the six months' severance pay, he found that the same was a penalty and not recoverable. The petitioner moved to modify the award by striking the provision finding the severance pay a penalty, and for confirmation of the award as so modified. Special Term confirmed the award. The issue here is what was actually submitted to the arbitrator as distinct from what might have been submitted. While the terms of the submission are not without ambiguity in the light of the facts, it would appear that the only controversy the parties had in mind was whether the discharge was justified. Undoubtedly they might also have submitted the additional question of the validity of the severance pay provision, but it does not appear that any question of its enforceability arose between them. Petitioner therefore introduced no testimony and made no argument on that subject. We believe the arbitrator went beyond the terms of the submission. In so concluding we are not unmindful of the Court of Appeals decision in *Matter of W. M. Girvan, Inc. (Robilotto)* (33 N Y 2d 425). The vital distinction between that case

and this is that the submission in that case (p. 427) expressly included the question: " To what relief or remedy, if any, are the parties entitled?" We are also mindful that if the award is modified as the petitioner seeks, the net result will be another arbitration. In view of this and of the fact that the practice of confirming an award while nullifying a finding may well result in injustice, we direct that a new arbitration on all issues be held before a different arbitrator to be selected in accordance with the contract. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.